THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

HECTOR L. ALVARADO-ORTIZ,

    Plaintiff,

    v.

OMAR GONZALEZ-SANTIAGO, *et al.*,

    Defendants.

Civil No. 21-1197 (ADC)

## OPINION AND ORDER

Before the Court is defendant Omar González-Santiago ("Omar"), Osquel Santiago-García ("Osquel"), Gerardo Martínez-Salella ("Gerardo"), Samuel J. Figueroa-Cruz ("Samuel"), Heriberto Santiago-García ("Heriberto"), Jonathan González-Collazo's ("Jonathan") and La Máquina del Dinero Publishing's ("MDP") (altogether, "defendants") motion to dismiss. **ECF No. 20**. For the reasons below, defendants' motion to dismiss is **GRANTED**.

**I.  Background**

Plaintiff Héctor L. Alvarado-Ortiz ("Alvarado") filed suit against multiple defendants, seeking declaratory judgment and damages for copyright infringement. **ECF Nos. 1** and **19-1**.

Alvarado claims that he coauthored the musical composition and sound recording "Lean" in 2016. **ECF No. 19-1** at 5-6. "Lean" is allegedly performed by Alvarado and co-defendants Osquel, Samuel, Heriberto, and Gerardo. *Id.* at 4-5. Alvarado holds the copyright to both the musical composition and the sound recording "Lean." *Id.* 5-6. He shares the copyright to the musical composition with Heriberto and Osquel, and the copyright to the sound recording

with Jonathan. *Id. See also* **ECF Nos. 1** at 7; **1-2**; and **19-1** at 6 and 24. The sound recording was released commercially in 2017, and thereafter a lyric video was created and published on Omar's YouTube channel in March of 2017. **ECF No. 19-1** at 7. On April 12, 2017, a music video for "Lean" was similarly published on Omar's YouTube channel. *Id.* All copyright infringement claims against Omar have already been dismissed in this case. **ECF No. 41**.

Omar, Osquel, Jonathan and MDP have allegedly been receiving royalties for Omar's exploitation of "Lean." Plaintiff Alvarado has not been compensated. **ECF No. 19-1** at 5-6.

On December 4, 2020, Alvarado sent Omar a letter demanding that he stop violating his copyrights in relation with "Lean." **ECF No. 19-1** at 31-32.

Now, defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.     Legal Standard

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint that fails to state a claim upon which relief could be granted. "To avoid dismissal, a complaint must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *García-Catalán v. United States*, 734 F.3d 100, 102 (1st Cir. 2013) (quoting Fed. R. Civ. P. 8(a)(2)). When ruling on a motion to dismiss for failure to state a claim, a district court must "ask whether the complaint states a claim to relief that is plausible on its face, accepting the plaintiff's factual allegations and drawing all reasonable inferences in the plaintiff's favor." *Cooper v. Charter Communications Entertainments I, LLC*, 760 F.3d 103, 106 (1st Cir. 2014) (*citing Maloy v. Ballori-Lage*, 744 F.3d 250, 252 (1st Cir. 2014)) (internal quotations marks omitted).

"To cross the plausibility threshold, the plaintiff must 'plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Cooper*, 760 F.3d at 106 (*citing Maloy* 744 F.3d at 252). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, … , on the assumption that all the allegations in the complaint are true (even if doubtful in fact) … ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "Non-conclusory factual allegations in the complaint must then be treated as true, even if seemingly incredible." *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011).

### III. Discussion

*A. The Claim for Declaratory Judgment*

Alvarado moves for a declaratory judgment of ownership in relation to "Lean's" musical composition, sound recording and music video. **ECF No. 19-1** at 10. However, the claim for declaratory judgment is time-barred, and must be dismissed.

Alvarado's claim for declaratory judgment of authorship arises under the Copyright Act – specifically, under 17 U.S.C. § 201. Under the Copyright Act, "[n]o civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued." 17 U.S.C. § 507(b).

Alvarado filed suit on April 27, 2021. **ECF No. 1.** Prior to that, he sent a letter to Omar putatively announcing his claims on December 4, 2020. **ECF No. 19-1** at 31-32. Thus, to be timely,

Alvarado's claim for a declaratory judgment must have accrued no earlier than December 4, 2017. But, per Alvarado's own allegations, his claims accrued long before that date.

"A claim accrues when the plaintiff knows or has reason to know of the act which is the basis for the claim." *Santa-Rosa v. Combo Recs.*, 471 F.3d 224, 227 (1st Cir. 2006) (cleaned up). In claims for declaratory judgment of ownership under the Copyright Act, the moment of accrual typically refers to the moment of a work's creation or when another clearly repudiates ownership, either explicitly or by openly exploiting a work without providing payment. *Id. See also Cambridge Literary Properties, Ltd. v. W. Goebel Porzellanfabrik G.m.b.H. & Co. KG.*, 510 F.3d 77, 88 (1st Cir. 2007); *Luar Music Corp. v. Universal Music Grp., Inc.*, 847 F. Supp. 2d 299, 308 (D.P.R. 2012). Here, Alvarado fails under both scenarios.

Indeed, Alvarado maintains "Lean" was composed and recorded in 2016. **ECF No. 19-1** at 5-6. The music video was purportedly created in early 2017. *Id.* at 7. By April of 2017, Omar was allegedly already openly exploiting "Lean" without renumerating Alvarado. *Id.* at 7. Thus, it is clear to the Court that Alvarado's claim for a declaratory judgment of ownership accrued well before December 4, 2017 and is accordingly time-barred. *See Santa-Rosa*, 471 F.3d at 227.

To boot, "once prescription has been raised as an affirmative defense, the burden of proving interruption of the limitations period shifts to the plaintiff." *Vargas-Ruíz v. Golden Arch Dev., Inc.*, 283 F. Supp. 2d 450, 456 (D.P.R. 2003), aff'd, 368 F.3d 1 (1st Cir. 2004) (*citing Tokyo Marine & Fire Ins. v. Perez & Cia.*, 142 F.3d 1, 4 (1st Cir. 1998)). Here, the co-defendants

appropriately raised prescription as an affirmative defense, and Alvarado has not even attempted to show that his claim is somehow timely.

Thus, Alvarado's claim for a declaratory judgment is **DISMISSED WITH PREJUDICE**.

  B. *The Copyright Infringement Claims*

The only federal question claims pending before the Court are Alvarado's two copyright infringement claims. Alvarado posits that Gerardo, Samuel, Jonathan and MDP infringed the copyrights of both the musical composition and the sound recording of "Lean."[1] **ECF No. 19-1** at 11 and 14. However, Alvarado's copyright infringement claims against Gerardo, Samuel, Jonathan and MDP must be dismissed because Alvarado has failed to plausibly plead the elements of such causes of action.

"To establish copyright infringement under the Copyright Act, 'two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *Johnson v. Gordon*, 409 F.3d 12, 17 (1st Cir. 2005); *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

Here, the complaint is devoid of any specific factual allegations that plead that Gerardo, Samuel, Jonathan and MDP copied "Lean," or otherwise participated in or contributed to the copying of "Lean."[2] *See Cooper*, 760 F.3d at 106 (*citing Maloy* 744 F.3d at 252) (plaintiffs must "plead factual content that allows the court to draw the reasonable inference that the defendant

---

[1] Similar claims against Omar have already been dismissed by the Court. **ECF No. 41**.
[2] The complaint includes a threadbare recital of the copyright infringement elements, but courts are instructed to "identify" and "disregard" such statements. *Fortuño-Burset*, 640 F.3d at 12.

is liable for the misconduct alleged."). As such, Alvarado has failed to plead a necessary element – that is, the "copying of constituent elements of the work that are original." *Id.*

Thus, Alvarado's copyright infringement claims against Gerardo, Samuel, Jonathan and MDP must be **DISMISSED WITHOUT PREJUDICE.**

C. *State Law Claims*

Having dismissed all claims for declaratory judgment of ownership and copyright infringement, no federal law claims remain pending before the Court. Indeed, in the absence of these claims, Alvarado's accounting claims fall into the realm of state law. *See e.g. Goodman v. Lee*, 78 F.3d 1007, 1012 (5th Cir. 1996).

But Alvarado crossed the guarded gates to this Court's limited jurisdiction on a federal question jurisdiction ticket. *See* 28 U.S.C. § 1331. When all federal claims are dismissed, the court typically declines to exercise supplemental jurisdiction over a plaintiff's state law claims. *See Camelio v. American Federation*, 137 F.3d 666, 672 (1st Cir. 1998) ("Certainly, if the federal claims are dismissed before trial, … the state claims should be dismissed as well."); *Rodríguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1177 (1st Cir. 1995).

The Court will decline to exercise supplemental jurisdiction over Alvarado's state law claims. They are accordingly **DISMISSED WITHOUT PREJUDICE**.

**IV. Conclusion**

For all the foregoing reasons, the co-defendants' motion to dismiss (**ECF No. 20**) is **GRANTED**. Alvarado's claim for a declaratory judgment of ownership is therefore

**DISMISSED WITH PREJUDICE** and his copyright infringement claims against Gerardo, Samuel, Jonathan and MDP are **DISMISSED WITHOUT PREJUDICE**. The remaining state law claims are also **DISMISSED WITHOUT PREJUDICE**.

The motions at **ECF No. 17, 23 and 36** are hereby deemed as moot.

The Clerk of Court shall enter judgment accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 30th day of September, 2022.

                                         **S/AIDA M. DELGADO-COLÓN**
                                          **United States District Judge**