THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**HECTOR L. ALVARADO-ORTIZ, aka "TOWY",**

    Plaintiff,

    v.

**OMAR GONZALEZ-SANTIAGO, aka "SUPER YEI", and/or "SUPERIORITY", d/b/a/ "SUPERIORITY", et al.,**

    Defendants.

Civ. No. 21-1197 (ADC)

## MEMORANDUM OPINION & ORDER

Before the Court are two post-judgment motions filed by the prevailing defendants, Omar González-Santiago ("González-Santiago"), Osquel Santiago-García, Gerardo Martínez-Salella, Samuel J. Figueroa-Cruz, Heriberto Santiago-García, and Jonathan González-Collazo (collectively, and with González-Santiago, "defendants"). In their first motion, defendants request that the Court amend *nunc pro tunc* the judgment entered on September 30, 2022 (**ECF No. 43**) to reflect that the copyright infringement claims filed by plaintiff Héctor L. Alvarado-Ortiz ("plaintiff") against González-Santiago have been dismissed with prejudice. *See* **ECF No. 47**. Seeing that this motion is unopposed and that the Court's Order of September 26, 2022 (**ECF No. 41**) reflects a dismissal with prejudice as to the claims against González-Santiago, the Court hereby **GRANTS** defendants' request to amend the judgment *nunc pro tunc*.

Defendants' second motion requests an award for reasonable attorney's fees incurred in defending the copyright infringement claims levelled against González-Santiago under the

Civil No 21-1197 (ADC) Page 2

Copyright Act and for vexatious litigation, 28 U.S.C. § 1927. **ECF No. 46**. Defendants request an award for $19,350. *See id.*, at 4.

From the outset, the Court advances that it will deny an award under 28 U.S.C. § 1927, as it is not evident that plaintiff's counsel "so multiplie[d] the proceedings in [this] case unreasonably and vexatiously" to warrant relief of this kind. The situation is different for defendant's request under the Copyright Act, which provides for the "recovery of full costs by or against any party" and an "award [for] reasonable attorney's fee to the prevailing party as part of the costs," subject to the Court's discretion. 17 U.S.C. § 505. In order for such allowance and award, the Court must evaluate the criteria set out in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994) and *Kirstaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197 (2016). In doing so, it is guided by the First Circuit's application of these criteria in subsequent cases. *See*, *e.g.*, *Markham Concepts, Inc. v. Hasbro, Inc.*, 71 F.4th 80 (1st Cir. 2023); *Small Justice LLC v. Xcentric Ventures LLC*, 873 F.3d 313 (1st Cir. 2017).

As a threshold matter, the Court sees no problem in finding that González-Santiago is a "prevailing party" for purposes of 17 U.S.C. § 505. González-Santiago obtained judgment in his favor over plaintiff's claims based on a motion to dismiss for failure to state a claim. After presenting proof that he held a license from the other undisputed joint authors (i.e., co-defendants Heriberto Santiago-García, Osquel Santiago-García, and Jonathan González-Collazo) to use the copyrighted material at issue. *See* **ECF No. 35-2** (granting "Superiority,"

González-Santiago's alias and trade name, license to exploit the master recording of the copyrighted material at issue). Thus, his dismissal operates as a decision on the merits that has created "a material alteration of the legal relationship between the parties." *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Hum. Res.*, 532 U.S. 598, 603–04 (2001).

But even if one were to see the dismissal as something less than a full victory on the merits, that would matter little. A defendant can be a prevailing party even if his or her victory is one on standing grounds or comes as a result of a plaintiff's discovery violations. *See Small Justice LLC v. Xcentric Ventures LLC*, 873 F.3d at 328 (citing *InvesSys, inc. v. McGraw-Hill Cos.*, 369 F.3d 16, 20 (1st Cir. 2004)). Thus, González-Santiago is a prevailing party under 17 U.S.C. § 505.

Turning to the *Fogerty* test, the Supreme Court in that case adopted "several nonexclusive factors that courts should consider in making awards of attorney's fees to any prevailing party." *Fogerty*, 510 U.S. at 534 n. 19. "These factors include frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.*, (citation and quotation marks omitted). In *Kirstaeng*, the Supreme Court clarified that the "objective reasonableness" factor was "an important factor in assessing fee applications [but] not a controlling one." *Kirstaeng*, 579 U.S. at 208. "Although objective reasonableness carries significant weight, courts must view all the circumstances of a case on their own terms, in light of the Copyright Act's essential goals." *Id.* The statute's "essentials goals" are "enriching the

general public through access to creative works… by striking a balance between two subsidiary aims: encouraging and rewarding authors' creations while also enabling others to build on that work." *Kirstaeng*, 579 U.S. at 204 (citing U.S. Const., Art. I, § 8, cl. 8 and *Fogerty*, 510 U.S. at 526-27).

After fresh review of the amended complaint and the ensuing motions, the Court finds that the record does not show that plaintiff's claims against González-Santiago were either frivolous, motivated in bad faith, or objectively unreasonable either at law or in fact. Admittedly, the record is slim, limited to pleadings, two motions to dismiss under Fed. R. Civ. P. 12(b)(6), and the documents submitted by defendants in compliance with the Court's order at **ECF No. 32** to "file into the record evidence as to the copyrights and licenses held by each party…."

From the outset, the Court notes that defendants arguments are two-fold: (1) that the Copyright Act's essential goals were frustrated by plaintiff's lawsuit given that defendants' "creative work has been inaccessible to the public for 18 months;" and that (2) plaintiff's lack of interest in the prosecution of his case, evidenced by inexplicable procedural delays and failures to comply with filing and court-imposed deadlines, was objectively unreasonable. No argument is made as to whether the complaint was frivolous or motivated by bad faith.

First, the Court's own review of the record finds that there is little to no indication of a bad faith motivation behind the complaint. Second, neither can the Court classify the claims against González-Santiago as frivolous, and in that same vein, the Court finds that the claims

against González-Santiago were not objectively unreasonable in fact or law. As opposed to co-defendants Heriberto Santiago-García, Osquel Santiago-García, and Jonathan González-Collazo, plaintiff did not recognize González-Santiago as a co-author of the copyrighted material in his complaint. *See* **ECF No. 19-1** at ¶¶ 23, 34, 68(g). The proof that ultimately carried the day for González-Santiago was a "split sheet" royalty agreement in which these co-defendants, as joint authors of the copyrighted material, granted him a license to exploit it. *See* **ECF No. 35-2**. Although plaintiff's name and contribution were included in the agreement, his signature is absent from the document and there is nothing in the record that would suggest that he was aware of this license. Accordingly, it was neither frivolous nor objectively unreasonable, from the limited facts available on the record, for plaintiff to claim that Gonzalez-Santiago was infringing on his copyright.

Third, defendants do have a point in that plaintiff's lawsuit resulted in the public being deprived of the enjoyment of the copyrighted work at issue here, as well as defendants' enjoyment of its fruits for that period. This deprivation was ultimately unjustified given the lack of merit of plaintiff's copyright infringement claims—evidenced by its complete dismissal with prejudice as to González-Santiago and without prejudice on sufficiency and time-limitations grounds as to all other defendants. The above supports the imposition of attorney's fees as a deterrent against similar future actions.

Civil No 21-1197 (ADC)                                                                                                    Page 6

Fourth, and relatedly, the Court is sympathetic to defendants' argument that plaintiff's inattention to his case is a factor to consider, albeit not under the objective reasonableness prong. The *Fogerty* factors are not exhaustive and the Court's determination on the imposition of attorney's fees under 17 U.S.C. § 505 is subject to its sound discretion. Here, plaintiff's failure to comply with the Court's Order at **ECF No. 32** is evident. The Court there warned all parties that failure to comply "shall result in the imposition of sanctions and[/]or denial of their respective requests" to dismiss at **ECF No. 17** and **20** and to amend the complaint at **ECF No. 19**.[1] Moreover, plaintiff's counsel attempted to withdraw from his legal representation—without replacement counsel—mere days after defendants moved to reiterate their request to dismiss the complaint given plaintiff's failure to comply with **ECF No. 32**. *See* **ECF Nos. 36** and **38**. This request was not granted but held in abeyance instead. *See* **ECF No. 39**. Plaintiff was granted thirty days to announce new counsel, but he failed to do. *Id*. Finally, it is not lost upon the Court that plaintiff has failed to oppose defendant's motion for attorney's fees, which represents a sizable exposure to him but has apparently not generated enough interest to warrant an opposition. Taken together, this conduct—which includes noncompliance with a court order warning of the possibility of sanctions—is not indicative of a party interested in vindicating its rights.

---

[1] The order cannot be reasonably read not to include plaintiff. When it intended to refer only to defendants, as in the second and third sentences, it did so. But the imperative sentence compelling compliance was clearly directed at "all parties."

Finally, the Court must note that defendants' request for attorney's fees is limited to the dismissal of the copyright infringement claims against González-Santiago. These claims, as noted above, were dismissed with prejudice after defendants proffered evidence to show that González-Santiago received a valid license to exploit the copyrighted material from its co-authors. This rationale is different from that applied to the other co-defendants, which were dismissed because the complaint lacked any plausible allegation as to any infringing conduct. However, the Court notes that, as to Heriberto Santiago-García, Osquel Santiago-García, and Jonathan González-Collazo, the claims *were* frivolous and objectively unreasonable, as plaintiff recognized himself in his complaint that they were copyright holders, against which an infringement action was impossible. In that sense, the complaint cannot be said to advance a legitimate interest in furtherance of the Copyright Act's goals to protect creators. Nevertheless, defendants did not request attorney's fees in relation to these claims, so the Court will not afford this fact too much weight.

After the above review, the Court finds that the goals of the Copyright Act, coupled with plaintiff's lack of interest in prosecuting his claims and vindicating his rights, merits the awarding of reasonable attorney's fees under 17 U.S.C. § 505. The Court has reviewed defendants' counsel's time sheets and supporting sworn statement. From its analysis, the Court is of the opinion that it should consider the work directly related or necessary for the preparation of the motions to dismiss the copyright infringement claims against González-Santiago and the

motion in compliance with the court's order at **ECF No. 35**. The Court will follow the lodestar method for determining attorney's fees. Under the lodestar method, number of hours productively spent on the case are multiplied by a reasonable hourly rate. *Torres-Rivera v. O'Neill-Cancel*, 524 F.3d 331, 336 (1st Cir. 2008). The reasonable hourly rate is "a determination that is often benchmarked to the prevailing rates in the community for lawyers of like qualifications, experience, and competence." *Matalon v. Hynnes*, 806 F.3d 627, 638 (1st Cir. 2015) (citation and quotation marks omitted).

The Court's lodestar calculation will thus be limited to the line items listed (i) after the filing of the original complaint, starting on April 29, 2021, up to the line item at January 13, 2022 (excepting line items whose description does not evidence a direct relationship to the effort to obtain dismissal); plus (ii) those line items listed after the Court's issuance of its order for evidence of copyrights and licenses on May 19, 2022, up to defendants' motion reasserting their request for dismissal on July 6, 2022. *See* **ECF No. 46-1**. The total hours add up to 28.30.

As to counsel's $300.00 hourly rate, the only supporting evidence presented is an unsworn statement under penalty of perjury submitted by attorney Francisco E. Colón-Ramírez who attested, *inter alia,* that his legal practice includes "reviewing invoices for legal fees submitted to insurers, to assess the reasonableness thereof;" that counsel's years of experience exceed his 28 years in the practice; that he has clients that have agree to a $300 hourly rate; and that in his "professional opinion, the tasks performed by [defendants' counsel] and the time

spent on each task is reasonable considering the nature of the case." *See* **ECF No. 46-2**. Defendants' counsel did not provide any other support for her request.

Lucky for defendants' counsel, even though there is persuasive authority in this district to fix a reasonable rate at $275.00, *see Pérez-Sosa v. Barr*, No. CV 17-1399 WES, 2020 WL 13647081, at *2 (D.P.R. Oct. 21, 2020); *Skytec, Inc. v. Logistic Sys., Inc.*, No. CV 15-2104 (BJM), 2019 WL 2246775, at *2 (D.P.R. May 23, 2019), the Court is aware that most recently, in *Howard v. Redline Global, LLC*, a sister Court considered her $300.00 per hour fee as reasonable. *See Howard v. Redline Glob., LLC*, No. CV211538RAMMDM, 2023 WL 2910565, at *8 (D.P.R. Apr. 11, 2023), *report and recommendation adopted sub nom. Howard v. Redline Glob., LLC.*, No. CV 21-1538(RAM), 2023 WL 3158934 (D.P.R. Apr. 28, 2023). The Court will not quarrel with this determination, particularly given the unopposed nature of the request.

The lodestar formula here is thus 28.30 x $300.00, and the total amount comes up to $8,490.00. The Court considers it reasonable and just, under the circumstances present in the record before it and to serve the deterrence goal of the Copyright Act, to award defendants this amount.

For the reasons stated above:

1. The Court hereby **GRANTS** defendants' unopposed request to amend the judgment *nunc pro tunc* at **ECF No. 47,** and the Clerk of Court shall enter an amended judgment reflecting the dismissal <u>with prejudice</u> of the copyright infringement claims against

defendant Omar González-Santiago pursuant to this Court's Order at **ECF No. 41**; and

2. The Court **GRANTS IN PART** defendants' motion at **ECF No. 46** for reasonable attorney's fees under 17 U.S.C. § 505, as a result of which plaintiff is ordered to pay defendants the total sum of **$8,490.00** in that concept.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 8th day of September 2023.

                                        **S/AIDA M. DELGADO-COLÓN**
                                        **United States District Judge**